IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT GARZA,<br><br>    Petitioner,<br><br>vs.<br><br>BRAD HANSEN,<br><br>    Respondent. | 8:19CV392<br><br>MEMORANDUM AND ORDER |

  This matter is before me on initial review of Petitioner Robert Garza's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Filing 1.) I conduct this review pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1] For purposes of this initial review, I will grant Garza's Motion for Leave to File a Supplemental Petition (filing 8) and will consider the supplemental allegations as part of the petition. *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to, rather than as superseding, the original pleading).

### I. BACKGROUND

  Garza alleges in his petition that he is "a pretrial detainee whose criminal prosecution is still pending" because no valid judgment of conviction signed by the judge and file-stamped by the clerk of the court was ever entered in his case. (Filing 1 at CM/ECF pp. 2–3.) Garza's petition and the attached state court records show that he was sentenced on March 23, 1984 in the Douglas County District Court of Nebraska to a term of life followed by a consecutive term of years after a

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

jury found him guilty of kidnapping, attempted second degree murder, and use of a firearm to commit a felony. (*Id.* at CM/ECF pp. 5–7; Filing 8 at CM/ECF p. 3.)

Liberally construed, Garza claims that his sentence is void and violates due process because: (1) no judgment of conviction, signed by the trial judge and file-stamped by the clerk of the court, was ever entered as required by Nebraska law, *see* Neb. Rev. Stat. § 25-1301 (West), and (2) "the Kidnapping statute, Neb. Rev. Stat. § 28-313(1), that he was prosecuted, convicted, and sentenced under is unconstitutional, because it allows a judge to find facts by a preponderance of the evidence to impose the upper level prison term." (Filing 1; Filing 8 at CM/ECF p. 1.)

## II. DISCUSSION

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Though Garza filed his habeas petition pursuant to 28 U.S.C. § 2241, it is apparent that Garza is challenging his state-court conviction and the resulting detention. The appropriate and exclusive avenue for doing so is through a petition

for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. As the court's records reflect that Garza has unsuccessfully challenged his 1984 conviction and sentence in four previous habeas actions,[2] Garza would be required to seek the permission of the Eighth Circuit Court of Appeals to commence a successive action under § 2254. 28 U.S.C. § 2444(b)(2) & (3)(A); Burton v. Stewart, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Clearly, Garza is attempting to avoid the strictures applicable to § 2254 habeas petitions by arguing that no valid judgment of conviction was ever entered against him and his conviction never became final. Garza attached to his petition a copy of the March 23, 1984 Douglas County District Court Journal of his Judgment and Sentence and argues that it "is neither signed by the judge nor file-stamped by the clerk, which is statutorily required to constitute a valid judgment of conviction." (Filing 1 at CM/ECF p. 2.) However, at the time Garza was convicted and sentenced in 1984, Nebraska law did not require a signed, file-stamped order for rendition of judgment. The version of Neb. Rev. Stat. § 25-1301 in effect in 1984 provided, in relevant part: "Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action." Neb. Rev. Stat. § 25-1301

---

[2] *See Garza v. Hansen*, Case No. 8:18CV276 (D. Neb. 2018) (Kopf, J., presiding); *Garza v. Britton, et al.*, Case No. 8:07CV338 (D. Neb. 2007) (Strom, J., presiding); *Garza v. Britten*, Case No. 4:03CV3194 (D. Neb. 2003) (Smith Camp, J., presiding); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992) (Urbom, J., presiding), *aff'd* 6 F.3d 782 (8th Cir. 1993). In Case No. 4:92CV3186, Judge Urbom denied Garza habeas relief and that decision was affirmed by the Eighth Circuit in 1993. Those decisions were on the merits. *See Garza v. Britten*, 4:03CV3194, Filing 10. In both Case No. 4:03CV3194 and Case No. 8:07CV338, Garza's habeas petitions were dismissed as a second or successive habeas petition for which Garza had not obtained permission from the Eighth Circuit Court of Appeals to file as required by 28 U.S.C. § 2244(b)(2)–(3). In Case No. 8:18CV276, the court denied Garza's "Request for Relief of Judgment Under Rule 60(b)(3)(4)(5)" because Rule 60(b) cannot be used to challenge state court judgments in federal court and, when construed as a § 2254 habeas petition, Garza's request was subject to the restrictions on successive habeas petitions.

3

(Reissue 1995).[3] Under that version of the statute, "a judgment is rendered when it is both pronounced and some written notation of it is made and filed in the records of the court." *State v. Foster*, 476 N.W.2d 923, 927 (Neb. 1991). Here, the March 23, 1984 written journal entry reflects the trial court's oral pronouncement of sentence with Garza "present with counsel" and contains a certification from the clerk of the Douglas County District Court that the journal entry was "entered of record" and "appears fully upon the records and in the files of said Court." (Filing 1 at CM/ECF pp. 5–7.) Thus, a final judgment was rendered in Garza's case and the absence of the judge's signature and a file-stamp are inconsequential. *See State v. Solomon*, 744 N.W.2d 475, 477–78 (Neb. Ct. App. 2008) (concluding prior versions of statute governing appeals procedure and statute defining rendition and entry of judgment did not specifically require a file stamp for entry of judgment).

Because Garza is presently in custody pursuant to a judgment of a state court, 28 U.S.C. § 2254 governs his habeas claims. Accordingly, I conclude that Garza is not entitled to habeas relief pursuant to § 2241 and this matter will be dismissed.

Although Garza sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where

---

[3] The statute was amended in 1999 to read:

> (2) Rendition of a judgment is the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action.
> (3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. . . .

Neb. Rev. Stat. § 25-1301 (Reissue 2016); *see also* LB 43, § 3, 96th Leg., 1st Sess. (Neb. 1999).

4

the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Garza is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to File a Supplemental Petition ([filing 8](#)) is granted.

2. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice to reassertion in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 properly authorized by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued.

3. Judgment will be entered by separate document.

Dated this 14th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge